ELECTRONICALLY FILED
5/28/2015 3:39 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, | ) |
| As Personal Representative and | ) |
| Administrator of the Estate of SARAH | ) |
| RENAE MONTGOMERY, deceased; | ) |
| SAMUEL WADE MONTGOMERY, | ) |
| Individually, | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| vs. | ) CASE NO.  CV 2015 - 900088 |
| | ) |
| BAPTIST HEALTH SYSTEM, INC. d/b/a | ) |
| Walker Baptist Medical Center; | ) |
| KENT ALAN TAUB, M.D.; | ) |
| GREG SMITH, CRNP; PEGASUS | ) |
| EMERGENCY GROUP SHA, LLC, | ) |
| a limited liability corporation, | ) |
| | ) |
|       DEFENDANTS. | ) |

FICTITIOUS DEFENDANTS  A, B, C, intending to refer to that entity or entities commonly known as and d/b/a Walker Baptist Medical Center;

FICTITIOUS DEFENDANTS   D, E, F,  intending to refer to that entity or entities who owned and/or operated Walker Baptist Medical Center;

FICTITIOUS DEFENDANTS   G, H, I, intending to refer to that entity or entities for whom Kent Alan Taub, M.D. was employed and/or acting for and on behalf of at all material times herein;

FICTITIOUS DEFENDANTS   J, K, L, intending to refer to that entity or entities vicariously responsible for the acts and/or omissions of Kent Alan Taub, M.D.;

FICTITIOUS DEFENDANTS   M, N, O, intending to refer to that entity or entities for whom Greg Smith, CRNP was employed and/or acting for and on behalf of at all material times herein;

FICTITIOUS DEFENDANTS   P, Q, R, intending to refer to that entity or entities vicariously responsible for the acts and/or omissions of Greg Smith, CRNP;

FICTITIOUS DEFENDANTS   S, T, U, V, W, X, Y, Z,  intending to refer to those persons, firms, corporations, or other legal entities legally responsible for the tortious conducts and legal wrongs complained of in the Complaint,

### PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT - ADDING AS A PARTY DEFENDANT, PEGASUS EMERGENCY GROUP SHA, LLC AND BY ADDING AN EMTALA CLAIM (42 U.S.C. § 1395, dd, et al)

1.      Plaintiff adopts each and every material averment of the original Complaint as if fully set out herein.  Plaintiff hereby attaches a copy of the original Complaint.

2.      Plaintiff hereby adds, as a party defendant, Pegasus Emergency Group SHA, LLC.

3.      Plaintiff avers that the Defendants, Kent Alan Taub, M.D. and Greg Smith, CRNP, were dual agents, servants, or employees of the Defendant, Pegasus Emergency Group SHA, LLC. (hereinafter referred to as "Pegasus"), as well as Defendant, Baptist Health System, Inc., d/b/a Walker Baptist Medical Center.

4.      Plaintiff further avers that the Defendants, Pegasus and Baptist Health System, Inc., are vicariously liable for the acts and/or omissions of Defendants, Taub and Smith.

5.      Plaintiff further avers that the Defendant, Kent Alan Taub, M.D., was the Medical Director of the Emergency Department at the Defendant, Baptist Health Systems, Inc., d/b/a Walker Baptist Medical Center.  As such, Defendant, Taub, M.D., had specific responsibility for compliance with Federal law within the Emergency Department.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff claims of the Defendants, separately and severally, compensatory damages in an amount to be determined by struck jury, plus costs.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, as Administrator of the Estate of Sarah Renae Montgomery, deceased, claims of the Defendants, separately and severally, punitive

2

damages in amount to be determined by struck jury, set amount to fulfill and accomplish the intent and purpose of the Alabama Wrongful Death Act, plus costs.

## COUNT THREE
### (EMALTA- STRICT LIABILITY)

1.      This count is brought pursuant to, and by virtue of, The Emergency Medical Treatment and Active Labor Act (42 U.S.C. § 1395, dd, et al) (hereinafter referred to as "EMTALA").

2.      Plaintiff further avers that his sixteen (16) year old son, Travis Michael Montgomery, a minor, was suffering from an "emergency medical condition" as defined by EMTALA.

3.      The "emergency medical condition" that Travis Michael Montgomery was suffering from was expression of suicidal and/or homicidal thoughts or gestures directed toward the Plaintiff and Sarah Renae Montgomery.

4.      Travis Michael Montgomery was determined to be dangerous to self or others (Samuel Wade Montgomery and Sarah Renae Montgomery).

5.      The Plaintiff further avers that the Defendant, Baptist Health System, Inc., d/b/a Walker Baptist Medical Center, and Defendant, Pegasus, violated the mandatory, statutory requirements of 42 U.S.C. § 1395, dd, by failing to treat, stabilize, or transfer Travis Michael Montgomery to an appropriate medical facility, to assure with a reasonable medical probability, that no material deterioration of Travis Michael Montgomery's condition occurred.

6.      Plaintiff further avers that the Defendant, Kent Alan Taub, M.D., as Medical Director of Defendant's Baptist Health System, Inc., d/b/a Walker Baptist Medical Center Emergency Department, had primary responsibility to insure that Federal law, specifically including, but not

limited to, "EMTALA" was complied with in the overall operation of the Walker Baptist Medical Center Emergency Department, specifically including, but not limited to, this case.

7.      Plaintiff further avers that these Defendants, Walker Baptist Medical Center and Pegasus, by and through it's agents, servants, or employees, Taub and Smith, failed to treat, stabilize, or transfer Travis Michael Montgomery to an appropriate facility for definitive stabilization and treatment.

8.      The Plaintiff further avers that Travis Michael Montgomery was discharged from the Emergency Department at Walker Baptist Medical Center in an unstable condition by virtue of the fact that he was still a threat to self or others (Samuel Wade Montgomery and Sarah Renae Montgomery).  Said instability was manifested by overt acts or threats of harm to self and others.

9.      Pursuant to the mandatory statutory requirements of EMTALA, the Defendants, Baptist Health Systems, Inc. and Pegasus, are "strictly liable" to the Plaintiff for his personal injuries, as well as the wrongful death of Sarah Renae Montgomery.  The undisputed and uncontroverted facts of this case, as set forth in the medical emergency department record, conclusively establish the following:

> A)      Travis Michael Montgomery, a minor, was suffering from an "emergency medical condition" as defined by EMTALA when he presented to the Emergency Department.
>
> B)      Travis Michael Montgomery, a minor, was not treated, stabilized, or transferred to an appropriate medical facility to assure that no material deterioration of his condition occurred.
>
> C)      Travis Michael Montgomery was discharged from the Emergency

4

Department at Walker Baptist Medical Center in an unstable medical condition.

Hence, the medical record of the Emergency Department at Walker Baptist Medical Center constitutes a prima facie showing of EMTALA violations, contrary to Federal law.

10.     The Plaintiff further avers that he was injured and damaged as set forth in the original Complaint as a direct result or consequence of the Defendants' violation of EMTALA.

11.     The Plaintiff further avers that the wrongful death of Sarah Renae Montgomery was caused as a direct result or consequence of the Defendants' violation of EMTALA.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Samuel Wade Montgomery, claims of the Defendants damages pursuant to, and by virtue of, EMTALA, and the Alabama Wrongful Death Act.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Samuel Wade Montgomery, as Administrator of the estate of Sarah Renae Montgomery, claims of the Defendants damages pursuant to EMTALA, and the Alabama Medical Liability Act.


/s/ S. Shay Samples
STEPHEN SHAY SAMPLES (SAM004)
ASHLEY REITZ PEINHARDT (REI043)
Attorneys for Plaintiffs

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Phone: 205-328-5330
Email: shay@hwnn.com
Email: ashley@hwnn.com

/s/ Michael D. Petway_____
Michael D. Petway (PET036)
Attorney for Plaintiffs

OF COUNSEL:
FUSTON, PETWAY & FRENCH
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: 205-977-9798
Email: mpetway@fpflaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

PEGASUS EMERGENCY GROUP SHA, LLC
c/o Martin Trpis, Esquire
VP of Operations and General Counsel
4M Emergency
1007 East Main Street, Suite 300
Bozeman, Montana   59715

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing on this the 28th day of April, 2015, upon the following counsel of record by U. S. Mail, postage prepaid, as follows:

Baptist Health System, Inc.
c/o Jasper P. Juliano, Esquire
600 Vestavia Parkway, Ste 300
Birmingham, Alabama   35216

Kent Alan Taub, M.D.
c/o Martin Trpis, Esquire
VP of Operations and General Counsel
4M Emergency
1007 East Main Street, Suite 300
Bozeman, Montana   59715

Greg Smith, CRNP
c/o Martin Trpis, Esquire
VP of Operations and General Counsel
4M Emergency
1007 East Main Street, Suite 300
Bozeman, Montana   59715

/s/ S. Shay Samples
STEPHEN SHAY SAMPLES (SAM004)

ELECTRONICALLY FILED
9/9/2015 4:10 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

CIVIL ACTION NO: _____

SAMUEL WADE MONTGOMERY, As Personal Representative and Administrator of the Estate of SARAH RENAE MONTGOMERY, deceased;

SAMUEL WADE MONTGOMERY, Individually,

      Plaintiffs,

vs.

BAPTIST HEALTH SYSTEM, INC. d/b/a Walker Baptist Medical Center;

KENT ALAN TAUB, M.D.;

GREG SMITH, CRNP;

FICTITIOUS DEFENDANTS  A, B, C, intending to refer to that entity or entities commonly known as and d/b/a Walker Baptist Medical Center;

FICTITIOUS DEFENDANTS   D, E, F,  intending to refer to that entity or entities who owned and/or operated Walker Baptist Medical Center;

FICTITIOUS DEFENDANTS  G, H, I, intending to refer to that entity or entities for whom Kent Alan Taub, M.D. was employed and/or acting for and on behalf of at all material times herein;

FICTITIOUS DEFENDANTS  J, K, L, intending to refer to that entity or entities vicariously responsible for the acts and/or omissions of Kent Alan Taub, M.D.;

FICTITIOUS DEFENDANTS  M, N, O, intending to refer to that entity or entities for whom Greg Smith, CRNP was employed and/or acting for and on behalf of at all material times herein;

FICTITIOUS DEFENDANTS  P, Q, R, intending to refer to that entity or entities vicariously responsible for the acts and/or omissions of Greg Smith, CRNP;

FICTITIOUS DEFENDANTS  S, T, U, V, W, X, Y, Z,  intending to refer to those persons, firms, corporations, or other legal entities legally responsible for the tortious conducts and legal wrongs complained of in the Complaint,

1

all of whose other names are otherwise unknown but will be added by amendment when ascertained.

Defendants.

# COMPLAINT
## (Alabama Medical Liability Act)
## (Wrongful Death/Personal Injury)

1.  Plaintiff, Samuel Wade Montgomery, is the surviving husband of the decedent, Sarah Renae Montgomery, who died on November 11, 2013.  Plaintiff, Samuel Wade Montgomery, is the duly qualified Personal Representative and Administrator of the Estate of his deceased wife, Sarah Renae Montgomery and brings a wrongful death action in said capacity.

2.  Plaintiff, Samuel Wade Montgomery, is an individual who brings this action in his individual capacity for injuries and damages he has suffered.

3. Defendant, Baptist Medical System, Inc., is a corporation who owns and/or operates Walker Baptist Medical Center.

4. Defendant, Kent Alan Taub, M.D., is an adult individual who was engaged in the practice of emergency medicine on the date of the occurrence made the basis of this suit.  Defendant, Kent Alan Taub, M.D., was acting for and on behalf of Defendant, Baptist Medical System, Inc., and consequently, Defendant, Baptist System, Inc., is vicariously liable for the acts and omissions of Defendant, Kent Alan Taub, M.D.

5.  Defendant, Greg Smith, CRNP, is an adult individual who was acting as a nurse practitioner on the date of the occurrence made the basis of this suit. Defendant, Greg Smith, CRNP, was acting for and on behalf of Defendant, Baptist Medical System, Inc., and consequently, Defendant, Baptist System, Inc., is vicariously liable for the acts and omissions of Defendant, Greg Smith, CRNP

2

7.  The Fictitious Defendants "A - Z" are fictitious defendants whose true names are otherwise unknown but will be added by amendment when ascertained.

8.  Plaintiff avers that on November 10, 2013 his sixteen (16) year old son, Travis Michael Montgomery, a minor, was taken to Defendant, Baptist Health System, Inc., d/b/a Walker Baptist Medical Center's Emergency Department by the Plaintiff and his deceased mother, Sarah Renae Montgomery.

9.  At said time and place, the Defendant, Baptist Health System, Inc., d/b/a Walker Baptist Medical Center, by and through it's healthcare employees, and the Defendants, Kent Alan Taub, M.D. and Greg Smith, CRNP, undertook to diagnose, care for, and treat their minor son, Travis Michael Montgomery.

10.  The chief complaint of Travis Michael Montgomery was Alcohol Intoxication and psychiatric evaluation.  The diagnoses were: Suicidal Ideation, Homicidal Ideation, and Alcohol Intoxication.

11.  Travis Michael Montgomery presented to the Walker Baptist Medical Center's Emergency Department for psychiatric evaluation due to alcohol intoxication.  The Walker Baptist Medical Center medical record documents that the mother stated that her son was picked up by the Haleyville police with a blood alcohol level which was four times the legal limit.  The medical record further documents that Travis told the Haleyville police he wanted to kill himself.  The Plaintiff further avers that the police recommended obtaining an emergency psychiatric evaluation.

12.  The Walker Baptist Medical Center record further confirms that Travis was presenting with a mental health disorder and that the history was provided by Travis and his parents.

13.  The Walker Baptist Medical Center record confirms that Travis was suffering from a serious and severe mental health problem at said time and place, and that the primary symptoms include: bizarre

3

behavior.  The current episode started that day, and the bizarre behavior appeared to be unchanged since it's onset.

14.  The Walker Baptist Medial Center record further documents that the onset of the illness was precipitated by alcohol abuse, and that the degree of incapacity that Travis was experiencing as a consequence of his mental illness was severe.  The Plaintiff further avers that Travis' urine drug screen was positive for cannabinoids (marijuana).

15.  The Walker Baptist Medical Center record also documents that the additional symptoms of his illness included poor judgment.  Travis Michael Montgomery admitted to suicidal ideas and contemplated injuring or contemplated harming himself, as well as contemplating injuring another person.  The Sign-In sheet for Emergency Services filled out by Travis Michael Montgomery documents that the reason for his presentation to the Emergency Department was "Wants to die".

16.  The psychiatric evaluation, done by the Defendants, Kent Alan Taub, M.D. and Greg Smith, CRNP,  documented that Travis Michael Montgomery's speech was slurred and he was slow.  It further documented suicidal and homicidal ideation.

17.  The psychiatric evaluation also documented that Travis Montgomery was solemn with very limited responses to interview questions.  There was no eye contact, and therefore, there was limited interaction with the inability to fully assess his psychological state.  Travis Michael Montgomery was withdrawn from interaction with the healthcare team.

17.  The Walker Baptist Medical Center Emergency Department record also documents that Travis Michael Montgomery was suffering from both suicidal ideations and homicidal ideations  (Directed specifically towards his parents, Samuel Wade Montgomery and Sarah Renae Montgomery).  Travis' parents, Samuel Wade Montgomery and Sarah Renae Montgomery, were uncomfortable having him

at home without psychiatric evaluation and treatment.

18. The Defendants also obtained a history that Travis Michael Montgomery had been picked up from Haleyville jail by his parents with an alcohol level four times the legal limit and furthermore that Travis had stated to the Haleyville police officer that "he wanted to die".   Travis also informed the Defendants "...that he thought of choking his parents with a cord the entire way to the hospital....".

19. The Walker Baptist Medical Center medical record further documents that Travis Michael Montgomery needed and required emergency psychiatric evaluation, care, and treatment.

20.  Travis' parents, Samuel Wade Montgomery and Sarah Renae Montgomery, were insistent on inpatient admission due to Travis' psychiatric condition and expressed homicidal and suicidal ideations.  The record further documents that it was acceptable to them to send Travis to any facility that would admit him.

21.  The Walker Baptist Medical Center Emergency Department records document that the degree of incapacity that Travis was experiencing as a consequence of his illness was severe.

22.  The Walker Baptist Medical Center medical record documents that the decedent, Sarah Renae Montgomery, signed a Consent for Treatment form for her son, Travis Michael Montgomery, a minor.  The Walker Baptist Medical Center records also document that Travis Michael Montgomery also signed a Consent For Treatment form.

23.  The Walker Baptist Medical Center records unequivocally document that the decedent, Sarah Renae Montgomery, expressly approved of having Travis admitted to any facility that would admit him.  Under Alabama Law, the parents have the absolute legal right to have their minor child admitted as an inpatient to a facility, even if said minor child does not consent.

5

24 The Defendants attempted placement of Travis to receive further psychiatric evaluation and treatment but were unsuccessful, allegedly due to the unavailability of beds at Children's Hospital, Brookwood Hospital, and Hillcrest Hospital, in Birmingham.

25.   The medical records further confirm that Samuel Wade Montgomery and Sarah Renae Montgomery were not informed that they had the absolute legal right, as parents, to have their minor son admitted as an inpatient without his consent.

26.   The Defendants located an available psychiatric bed for inpatient hospitalization at Decatur General West.   Decatur General West agreed to accept Travis Montgomery as an inpatient. Notwithstanding the fact that, under Alabama law, the parents have an absolute right to have Travis Montgomery, a minor, admitted, the Defendants allowed Travis Montgomery to refuse transfer and admission to Decatur General West.   Travis Michael Montgomery refused admittance to Decatur General West, and the Defendants allowed Travis Montgomery to be discharged AMA (against medical advice).

27.   The Defendants failed to inform the Plaintiff and the Plaintiff's decedent that they had the absolute legal right to have Travis Montgomery admitted against his will and without his consent. The Defendants had actual notice and knowledge that Travis Montgomery required a higher level of care, including pediatric psychiatry.

28.   The Defendants had actual notice and knowledge that Travis Montgomery was making explicit, credible, realistic, and overt threats of homicidal actions against the Plaintiff and the Plaintiff's decedent, as well as suicidal ideation.   The severity and specificity of Travis Montgomery's homicidal threats against the Plaintiff and Plaintiff's decedent posed an imminent risk of harm and danger to Plaintiff and Plaintiff's decedent.   The Defendants also had actual notice and knowledge

6

that Travis Montgomery was unable to make a rational decision relative to the need for in-patient hospitalization and treatment.  The Defendants also knew that, without inpatient hospitalization and treatment of Travis Montgomery, the Plaintiff and Plaintiff's decedent were in harm's way.  The Defendants had clear and convincing evidence that Travis Montgomery posed a real and present threat and danger of substantial harm to self and others (Specifically, his parents.).

29.  The Defendants also failed to utilize the provisions of §22-52-91 Alabama Code relative to emergency hospitalization for evaluation of patients posing a clear and present danger to self and others.   This statutory provision provides for emergency hospitalization and evaluation. Notwithstanding this, Travis Montgomery was allowed to leave the Emergency Department AMA, and the treatment plan formulated by the Defendants was to release Travis Montgomery to his parents' custody with the plan to institute involuntary commitment proceedings on the following Monday (The date of discharge was Saturday).

30.  Plaintiff further avers that the Defendants, Baptist Health System, Inc., Kent Alan Taub, M.D., and Greg Smith, NP, separately and severally, were under a legal duty to possess and exercise reasonable care, skill and diligence relative to the diagnosis, care and treatment of Travis Montgomery.

31.  Plaintiff further avers that the Defendants,  Baptist Health System, Inc., Kent Alan Taub, M.D., and Greg Smith, NP, separately and severally, owed a legal duty to the Plaintiff and the Plaintiff's decedent by virtue of the fact that they had actual notice and knowledge that Travis Montgomery was making direct, overt threats of killing the Plaintiff and the Plaintiff's decedent.

32.  Plaintiff further avers that the Defendants,  Kent Alan Taub, M.D., and Greg Smith, NP, separately and severally, fell below the minimum standard of care required of them in the diagnosis,

7

care and treatment of Travis Montgomery, and hence, were negligent in one or more of the following ways, to-wit:

a.   Negligently diagnosed, cared for, and treated Travis Montgomery;

b.   Negligently failed to have Travis Montgomery admitted to an appropriate hospital for psychiatric evaluation and treatment;

c.   Negligently discharged Travis Montgomery;

d.   Negligently failed to hold Travis Montgomery until a psychiatric bed at an appropriate mental healthcare facility became available;

e.   Negligently failed to transfer Travis Montgomery to an appropriate healthcare facility for inpatient psychiatric admission, evaluation, and treatment;

f.   Negligently caused, allowed, or permitted Travis Montgomery to leave the Emergency Department AMA;

g.   Negligently caused, allowed, or permitted Travis Montgomery to be discharged from the Emergency Department while still impaired from alcohol and/or drugs.;

h.   Negligently failed to inform the Plaintiff and the Plaintiff's decedent of their absolute legal right to have Travis Montgomery admitted as an inpatient without his consent;

I.   Negligently failed to take reasonable measures and precautions to protect the Plaintiff and the Plaintiff's decedent;

j.   Negligently failed to adequately warn the Plaintiff and the Plaintiff's decedent of the high risk of harm and danger that Travis Montgomery posed to them;

k.   Negligently failed to obtain the proper and safe disposition and treatment of Travis Montgomery;

l.      Negligently failed to obtain or enlist the assistance of a law enforcement officer to accomplish and facilitate the admission of Travis Montgomery to an appropriate mental health care facility;

m.     Negligently failed to utilize and/or comply with §22-52-91, <u>Alabama Code</u> to have Travis Montgomery admitted to an appropriate mental health care facility;

n.      Negligently failed to obtain a psychiatric consultation for Travis Montgomery in the Emergency Department.

33.   Plaintiff further avers that the Defendant, Baptist Health System, Inc. d/b/a Walker Baptist Medical Center, fell below the minimum standard of care required of it, and hence, was negligent, in or more of the following way, to-wit:

a.      Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to the proper and safe disposition and treatment of mentally and/or emotionally unstable patients evaluated in the Emergency Department;

b.      Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to patients who are suicidal and/or homicidal when evaluated in the Emergency Department;

c.      Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to inpatient admission of mentally and/or emotionally unstable patients seen in the Emergency Department;

d.      Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to transfer of patients

9

requiring inpatient psychiatric evaluation and treatment;

e.    Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to emergency hospitalization for evaluation of patients requiring inpatient psychiatric care and treatment;

f.    Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to psychiatric evaluations in the Emergency Department;

g.    Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to psychiatric consultations in the Emergency Department;

h.    Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to proper, adequate, and safe disposition of patients seen in the Emergency Department who are dangerous and who pose a significant risk of harm to self and/or others;

I.    Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to the utilization and/or compliance with §22-52-92, <u>Alabama Code</u>;

j.    Negligently failed to formulate, implement and/or enforce proper, adequate, and safe policies, procedures, guidelines, rules, and regulations relative to disposition and inpatient hospitalization of minors seen in the Emergency Department who require emergency inpatient hospitalization.

10

34.  Plaintiff further avers that as a direct or proximate result or consequence of the combining and concurring negligence of the Defendants, Baptist Health System, Inc., Kent Alan Taub, M.D., Greg Smith, CRNP, separately and severally, Travis Montgomery attacked the Plaintiff with a knife and stabbed him repeatedly, and directly caused the Plaintiff the following injuries and damages, to-wit:

    a.    He was caused to suffer Brown-Sequard Syndrome as a consequence of Travis Montgomery's knife stab wound attack to his neck;

    b.    He was caused to suffer traumatic spinal cord dysfunction as a consequence of Travis Montgomery's attack;

    c.    He was caused to suffer physical pain and suffering;

    d.    He was caused to suffer mental anguish and emotional distress;

    e.    He was caused to suffer a left pneumothorax and pneumomediastinum;

    f.    He was caused to suffer substantial, significant, and catastrophic permanent neurological injuries and damages;

    g.    He was caused to suffer urinary and fecal incontinence;

    h.    He was caused to suffer sexual dysfunction;

    I.    He was caused to suffer Post-Traumatic Stress Syndrome;

    j.    He was caused to suffer severe and profound depression secondary to bereavement and grief reaction secondary to the loss of his wife;

    k.    He was caused to be disabled and unable to engage in substantial gainful employment, past and future;

    l.    He was caused to incur substantial medical expenses and will continue to incur medical expenses in the future;

m.   He was caused to suffer an interference of his normal daily activities;

n.   He was caused to suffer loss of enjoyment of life;

o.   He was caused to be disfigured;

p.   He was otherwise grievously injured and damages, all to his detriment.

35.  Plaintiff further avers that his injuries and damages were proximately caused by the combining and concurring negligence of the Defendants, separately and severally.

36.  Plaintiff further avers that as a direct consequence of the aforesaid combining and concurring negligence of the Defendants, Baptist Health System, Inc., Kent Alan Taub, M.D., Greg Smith, CRNP, separately and severally, Travis Montgomery attacked Sarah Renae Montgomery and stabbed her to death.  The Plaintiff further avers that the combining and concurring negligence, of the above-named Defendants, separately and severally, proximately caused the wrongful death of Sarah Renae Montgomery.


WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of the Defendants, separately and severally, compensatory damages in an amount to be determined by struck jury, plus costs.


WHEREFORE, PREMISES CONSIDERED, Plaintiff, as Administrator of the Estate of Sarah Renae Montgomery, deceased, claims of the Defendants, separately and severally, punitive damages in an amount to be determined by a struck jury, said amount to fulfill and accomplish the intent and purpose of the Alabama Wrongful Death Act, plus costs.

## COUNT TWO
### (FICTITIOUS PARTIES)

37.  Plaintiffs adopt each and every material averment of <u>Count One</u> as if fully set out herein.

38.  Plaintiffs further aver that the breaches of the standard of care, negligence and other tortious conduct of the Fictitious Defendants, identified as Defendants, "A through Z", combined and concurred with the negligence of the named Defendants, to proximately cause the injuries and damages to Samuel Wade Montgomery and the wrongful death of Sarah Renae Montgomery, as set out in <u>Count One</u>  above.  Defendants, "A through Z", whose current  names and identities are unknown to the Plaintiff at the present time, will be correctly named and identified when they are ascertained.


WHEREFORE, PREMISES CONSIDERED, Plaintiff claims of the Fitctitious Defendants, separately and severally, compensatory damages in an amount to be determined by struck jury, plus costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, as Administrator of the Estate of Sarah Renae Montgomery, deceased, claims of the Fictitious Defendants, separately and severally, punitive damages in an amount to be determined by a struck jury, said amount to fulfill and accomplish the intent and purpose of the Alabama Wrongful Death Act, plus costs.


/s/ S. Shay Samples
STEPHEN SHAY SAMPLES (SAM004)
ASHLEY REITZ PEINHARDT (REI043)
Attorneys for Plaintiffs

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Phone: 205-328-5330
Email: shay@hwnn.com
Email: ashley@hwnn.com

/s/ Michael D. Petway
Michael D. Petway (PET036)
Attorney for Plaintiffs

OF COUNSEL:
FUSTON, PETWAY & FRENCH
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: 205-977-9798
Email: mpetway@fpflaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ S. Shay Samples
STEPHEN SHAY SAMPLES
ASHLEY REITZ PEINHARDT
Attorneys for Plaintiffs

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**
Baptist Health System, Inc.
Reg. Agent, Kerry Black
1130 22nd Street South
Suite 1000
Birmingham, AL 35205

14

**<u>DEFENDANTS TO BE SERVED BY PROCESS SERVER</u>**

Kent Alan Taub, M.D.
3004 Glen Willow Court, S.E.
Owens Cross Roads, AL 35763-8484

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120-5469

ELECTRONICALLY FILED
5/28/2015 4:10 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| SAMUEL WADE MONTGOMERY, As Personal | ) | |
| Representative and Administrator of the Estate of | ) | |
| SARAH RENAE MONTGOMERY, deceased; | ) | |
| SAMUEL WADE MONTGOMERY, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: |
| | ) | |
| | ) | _____ |
| BAPTIST HEALTH SYSTEM, INC. d/b/a | ) | |
| Walker Baptist Medical Center; | ) | |
| KENT ALAN TAUB, M.D.; | ) | |
| GREG SMITH, CRNP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S INTERROGATORIES TO THE DEFENDANT, BAPTIST HEALTH SYSTEM, INC. d/b/a WALKER BAPTIST MEDICAL CENTER; KENT ALAN TAUB, M.D.; and GREG SMITH, CRNP

Comes now the Plaintiff in the above styled cause, by and through counsel, and pursuant to the Alabama Rules of Civil Procedure propound the following interrogatories to the Defendants, separately and severally, **BAPTIST HEALTH SYSTEM, INC. d/b/a WALKER BAPTIST MEDICAL CENTER; KENT ALAN TAUB, M.D.; and GREG SMITH, CRNP:**

1. Please identify the names of the individuals who contacted The Children's Hospital, Brookwood Medical Center, Hillcrest Medical Center, and Decatur General -West Hospital relative to Travis Michael Montgomery on November 10, 2013.

2. Please identify the names of the individuals who were spoken to at The Children's Hospital,

Brookwood Medical Center, Hillcrest Medical Center, and Decatur General -West Hospital relative to Travis Michael Montgomery on November 10, 2013.

3.   Please state the names of any and all psychiatrists, psychologists or other mental health care professionals who were consulted or spoken to relative to Travis Michael Montgomery on November 10, 2013.

4.   Please state in detail each and every reasons why you did not attempt to utilize § 22-52-91 Alabama Code relative to having Travis Michael Montgomery admitted to an appropriate mental healthcare facility on November 10, 2013.

5.   Please state in detail each and every reason why Travis Michael Montgomery was not admitted to the inpatient psychiatric unit at Walker Baptist Medical Center on November 10, 2013.

6.   Please state in detail any and all precautions you took to protect the Plaintiff and the Plaintiff's decedent from the risk of injury, harm, or homicide by Travis Michael Montgomery on November 10, 2013.

7.   Please state in detail each and every reason why you allowed or permitted Travis Michael Montgomery to leave the Walker Baptist Medical Center Emergency Department against medical advice (AMA) on November 10, 2013?

2

8.   Do you acknowledge that it was risky and dangerous to allow or permit Travis Michael Montgomery to leave the Walker Baptist Medical Center Emergency Department against medical advice (AMA) given his mental, emotional and psychiatric condition on November 10, 2013?  If no, please state in detail each and every reason why.

9.   Please state each and every reason why you did not obtain a psychiatric consultation and/or evaluation of Travis Michael Montgomery in the Emergency Department on November 10, 2013.

10.  Did you believe that Travis Michael Montgomery was in need of inpatient psychiatric evaluation and hospitalization on November 10, 2013?  If yes, then why did you not arrange for same?

11.  Were you aware that the Plaintiff and the Plaintiff's decedent intended on filing a Petition for Involuntary Commitment of Travis Michael Montgomery on Monday, November 12, 2013?

12.  Would you have supported the Plaintiff and the Plaintiff's decedent if they had filed a Petition for Involuntary Commitment of Travis Michael Montgomery?  If not, explain why not.

13.  Do you believe that Travis Michael Montgomery was actively suffering from a serious mental, emotional, or psychiatric illness on November 10, 2013?  If not, explain why not.

14.  Did you take Travis Michael Montgomery's suicidal ideation and homicidal ideation towards his parents seriously?  If yes, what actions did you take to protect Travis Michael Montgomery and

3

the Plaintiff and the Plaintiff's decedent on November 10, 2013?

15.  Did you believe that Travis Michael Montgomery was suffering from impaired and poor judgment on November 10, 2013?

16.  State each and every reason why you did not have Travis Michael Montgomery transferred and/or admitted to Decatur General Hospital - West on November 10, 2013.

17.  Did you believe that Travis Michael Montgomery was legally and/or mentally competent to make an informed decision about whether he needed or required psychiatric inpatient hospitalization on November 10, 2013?  If yes, state each and every reason why.

18.  Please state in detail each and every reason why you allowed or permitted Travis Michael Montgomery to leave the Walker Baptist Medical Center Emergency Department against medical advice (AMA) on November 10, 2013.

19.  Were any Incident Reports and similar reports made with regard to the occurrence made the basis of this suit?

20.  State the name of your professional medical liability insurance carrier on November 10, 2013.

21. State the name and medical specialty of each and every medical expert you intend to call at the trial of this cause.

     a.      State the subject matter on which each expert is expected to testify.

     b.      State the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each such opinion.

     c.      State any and all qualifications of each and every expert, including their educational background, training, experience, and specialty certifications.

22. List all exhibits that you intend to offer at the trial of this case.

23. For each and every request for admissions that you deny, please state specifically in detail each and every reason for denying said request for admissions.

24. Describe chronologically and in detail, the course of treatment for Travis Michael Montgomery from the time you first undertook to care for Travis Michael Montgomery until your professional relationship with him ended.

25. State the name, current address and occupation of any and all witnesses or other individuals having any information concerning your care and treatment of Travis Michael Montgomery on November 10, 2103.

26. State specifically and in detail each and every physical, mental, or psychiatric examination

5

which you performed on Travis Michael Montgomery on November 10, 2013 and the results and/or

findings of each and every examination.

27.  State specifically and in detail the substance of all advice, instructions, or warnings that you
and/or any other individual in the presence of you gave to Travis Michael Montgomery, the Plaintiff,
or the Plaintiff's decedent relative to the care of Travis Michael Montgomery on November 10, 2013.

/s/ S. Shay Samples
STEPHEN SHAY SAMPLES (SAM004)
ASHLEY REITZ PEINHARDT (REI043)
Attorneys for Plaintiffs

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Phone: 205-328-5330
Email: shay@hwnn.com
Email: ashley@hwnn.com

/s/ Michael D. Petway
Michael D. Petway (PET036)
Attorney for Plaintiffs

OF COUNSEL:
FUSTON, PETWAY & FRENCH
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: 205-977-9798
Email: mpetway@fpflaw.com

**THE FOREGOING INTERROGATORIES TO BE SERVED ON DEFENDANT WITH
SUMMONS & COMPLAINT.**

6

ELECTRONICALLY FILED
5/19/2015 4:10 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

## IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, As Personal Representative and Administrator of the Estate of SARAH RENAE MONTGOMERY, deceased; SAMUEL WADE MONTGOMERY, Individually, ) Plaintiffs, ) vs. ) BAPTIST HEALTH SYSTEM, INC. d/b/a Walker Baptist Medical Center; KENT ALAN TAUB, M.D.; GREG SMITH, CRNP, et al., ) Defendants. ) | CIVIL ACTION NO: _____ |

### NOTICE OF DEPOSITION

Please take notice that at the time, date and location listed below, the Plaintiff, SAMUEL WADE MONTGOMERY, will, by oral examination, take the testimony of the deponent whose name and address is listed below, for the purpose of discovery and/or for use as evidence in the  action before the court reporter whose name is listed above or before some other duly qualified officer, in accordance with Rule 30 of the Alabama Rules of Civil Procedure.  The oral examination will continue until completed.

DEPONENT'S NAME:        Kent Alan Taub, M.D.
                        Greg Smith, CRNP

DATE:                   To Be Determined

TIME:                   To Be Determined

LOCATION:               To Be Determined

COURT REPORTER:         To Be Determined


                        /s/ S. Shay Samples
                        STEPHEN SHAY SAMPLES (SAM004)
                        ASHLEY REITZ PEINHARDT (REI043)
                        Attorneys for Plaintiffs

1

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Phone: 205-328-5330
Email: shay@hwnn.com
Email: ashley@hwnn.com


/s/ Michael D. Petway
Michael D. Petway (PET036)
Attorney for Plaintiffs

OF COUNSEL:
FUSTON, PETWAY & FRENCH
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: 205-977-9798
Email: mpetway@fpflaw.com


**THIS NOTICE OF DEPOSITION TO BE SERVED WITH THE
SUMMONS & COMPLAINT**

ELECTRONICALLY FILED
5/29/2015 4:10 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, As Personal ) | |
| Representative and Administrator of the Estate of ) | |
| SARAH RENAE MONTGOMERY, deceased; ) | |
| SAMUEL WADE MONTGOMERY, Individually, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | |
| ) | _____ |
| BAPTIST HEALTH SYSTEM, INC. d/b/a ) | |
| Walker Baptist Medical Center; ) | |
| KENT ALAN TAUB, M.D.; ) | |
| GREG SMITH, CRNP, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS OF DEFENDANTS, BAPTIST HEALTH SYSTEM, INC., d/b/a/ WALKER BAPTIST MEDICAL CENTER; KENT ALAN TAUB, M.D.; GREG SMITH, CRNP

Comes now the Plaintiff in the above-styled cause and pursuant to the Alabama Rules of Civil Procedure, request the Defendants, **BAPTIST HEALTH SYSTEM, INC. d/b/a WALKER BAPTIST MEDICAL CENTER; KENT ALAN TAUB, M.D.; GREG SMITH, CRNP**, to admit or deny the following:

1. Admit or deny that the facts stated in paragraph 1 of Plaintiff's Complaint are true and accurate.

2. Admit or deny that the facts stated in paragraph 2 of Plaintiff's Complaint are true and accurate.

3. Admit or deny that the facts stated in paragraph 3 of Plaintiff's Complaint are true and accurate.

4.  Admit or deny that the facts stated in paragraph 4 of Plaintiff's Complaint are true and accurate.

5.  Admit or deny that the facts stated in paragraph 5 of Plaintiff's Complaint are true and accurate.

6.  Admit or deny that the facts stated in paragraph 6 of Plaintiff's Complaint are true and accurate.

7.  Admit or deny that the facts stated in paragraph 7 of Plaintiff's Complaint are true and accurate.

8.  Admit or deny that the facts stated in paragraph 8 of Plaintiff's Complaint are true and accurate.

9.  Admit or deny that the facts stated in paragraph 9 of Plaintiff's Complaint are true and accurate.

10.  Admit or deny that the facts stated in paragraph 10 of Plaintiff's Complaint are true and accurate.

11.  Admit or deny that the facts stated in paragraph 11 of Plaintiff's Complaint are true and accurate.

12.  Admit or deny that the facts stated in paragraph 12 of Plaintiff's Complaint are true and accurate.

13.  Admit or deny that the facts stated in paragraph 13 of Plaintiff's Complaint are true and accurate.

14. Admit or deny that the facts stated in paragraph 14 of Plaintiff's Complaint are true and accurate.

15. Admit or deny that the facts stated in paragraph 15 of Plaintiff's Complaint are true and accurate.

16. Admit or deny that the facts stated in paragraph 16 of Plaintiff's Complaint are true and accurate.

17. Admit or deny that the facts stated in paragraph 17 of Plaintiff's Complaint are true and accurate.

18. Admit or deny that the facts stated in paragraph 18 of Plaintiff's Complaint are true and accurate.

19. Admit or deny that the facts stated in paragraph 19 of Plaintiff's Complaint are true and accurate.

20. Admit or deny that the facts stated in paragraph 20 of Plaintiff's Complaint are true and accurate.

21. Admit or deny that the facts stated in paragraph 21 of Plaintiff's Complaint are true and accurate.

22. Admit or deny that the facts stated in paragraph 22 of Plaintiff's Complaint are true and accurate.

23. Admit or deny that the facts stated in paragraph 23 of Plaintiff's Complaint are true and accurate.

24. Admit or deny that the facts stated in paragraph 24 of Plaintiff's Complaint are true and accurate.

25. Admit or deny that the facts stated in paragraph 25 of Plaintiff's Complaint are true and accurate.

26. Admit or deny that the facts stated in paragraph 26 of Plaintiff's Complaint are true and accurate.

27. Admit or deny that the facts stated in paragraph 27 of Plaintiff's Complaint are true and accurate.

28, Admit or deny that the facts stated in paragraph 28 of Plaintiff's Complaint are true and accurate.

29. Admit or deny that the facts stated in paragraph 29 of Plaintiff's Complaint are true and accurate.

30. Admit or deny that the facts stated in paragraph 30 of Plaintiff's Complaint are true and accurate.

31. Admit or deny that the facts stated in paragraph 31 of Plaintiff's Complaint are true and accurate.

32. Admit or deny that the facts stated in paragraph 32 of Plaintiff's Complaint are true and accurate.

33. Admit or deny that the facts stated in paragraph 33 of Plaintiff's Complaint are true and accurate.

34. Admit or deny that the facts stated in paragraph 34 of Plaintiff's Complaint are true and accurate.

35. Admit or deny that the facts stated in paragraph 35 of Plaintiff's Complaint are true and accurate.

36. Admit or deny that the facts stated in paragraph 36 of Plaintiff's Complaint are true and accurate.

37. Admit or deny that Travis Michael Montgomery posed a substantial risk of harm and danger to the Plaintiff and the Plaintiff's decedent on November 10, 2013.

38. Admit or deny that Travis Michael Montgomery was making overt threats of suicide on November 10, 2013.

39. Admit or deny that Travis Michael Montgomery was making overt threats of committing homicide of his parents, Samuel Wade Montgomery and Sarah Renae Montgomery on November 10, 2013.

40. Admit or deny that it was foreseeable that Travis Michael Montgomery might harm his parents, Samuel Wade Montgomery and Sarah Renae Montgomery if he was discharged from the Emergency Department on November 10, 2013.

41. Admit or deny that Travis Michael Montgomery's suicidal ideations and homicidal ideations on towards his parents was real on November 10, 2013.

42. Admit or deny that Travis Michael Montgomery appeared to be serious about his suicidal ideations and homicidal ideations towards his parents.

43. Admit or deny that the standard of care required and obligated the Defendants, separately and severally, to take Travis Michael Montgomery's suicidal ideations and homicidal ideations seriously.

44. Admit or deny that the standard of care required and obligated the defendants, separately and severally, to warn the Plaintiff and the Plaintiff's decedent of the seriousness of Travis Michael Montgomery's homicidal ideation toward them.

45. Admit or deny that the standard of care required and obligated the Defendants, separately and severally, to take reasonable steps and precautions to protect the Plaintiff and the Plaintiff's decedent from Travis Michael Montgomery's homicidal ideations towards them.

46. Admit or deny that Travis Michael Montgomery's verbalized, specific, overt threats of homicidal actions toward the Plaintiff and the Plaintiff's decedent made the possibility of serious harm or injury to the Plaintiff and the Plaintiff's decedent foreseeable.

47. Admit or deny that the Defendants, separately and severally, had actual notice and knowledge of the fact that discharging Travis Michael Montgomery into the custody of his parents directly resulted in the possibility of serious harm and injury being inflicted upon the Plaintiff and the Plaintiff's decedent by Travis Michael Montgomery.

48. Admit or deny that the Defendants, separately and severally, had actual notice and knowledge that discharging Travis Michael Montgomery without a psychiatric evaluation and/or treatment directly resulted in the possibility of harm being inflicted upon the Plaintiff and the Plaintiff's decedent by Travis Michael Montgomery.

49. Admit or deny that the Defendants, separately and severally, were concerned about the possibility of serious harm being inflicted upon the Plaintiff and the Plaintiff's decedent by Travis Michael Montgomery at the time he left the Walker Baptist Medical Center Emergency Department.

50. Admit or deny that the Defendants, separately and severally, were aware, at the time of Travis Michael Montgomery's departure from the Walker Baptist Medical Center Emergency Department that there was the possibility that Travis Michael Montgomery would inflict serious harm or injury to the Plaintiff and Plaintiff's decedent.

51. Admit or deny that it was dangerous to allow Travis Michael Montgomery to leave the Walker Baptist Medical Center's Emergency Department against medical advice (AMA).

52. Admit or deny that the Defendants, separately and severally, had actual notice and knowledge that allowing Travis Michael Montgomery to leave the Emergency Department at Walker Baptist Medical Center against medical advice (AMA) directly posed a high risk of harm to Travis Michael Montgomery, as well as the Plaintiff and the Plaintiff's decedent.

53. Admit or deny that a psychiatric evaluation and/or consultation was available for Travis Michael Montgomery in the Walker Baptist Medical Center Emergency Department.

54. Admit or deny that Travis Michael Montgomery could have been admitted to the inpatient psychiatric unit at Walker Baptist Medical Center.

55. Admit or deny that the Plaintiff and the Plaintiff's decedent, as parents of Travis Michael Montgomery, a minor, had the absolute legal right to have Travis Michael Montgomery

7

admitted as an inpatient to a hospital for all indicated and necessary treatment.

56. Admit or deny that it was not legally necessary to have Travis Michael Montgomery's consent in order to have him admitted to a facility as an inpatient.

57. Admit or deny that the Plaintiff and the Plaintiff's decedent were at high risk for harm by virtue of Travis Michael Montgomery's expressions of overt homicidal ideation directed toward them specifically.

58. Admit or deny that Travis Michael Montgomery's homicidal threats directed toward the Plaintiff and the Plaintiff's decedent posed a clear and present danger to the Plaintiff and the Plaintiff's decedent.

59. Admit or deny that the Defendants, separately and severally, had the legal duty to inform the Plaintiff and the Plaintiff's decedent of the availability of a psychiatric inpatient bed at Decatur General Hospital West for Travis Michael Montgomery.

60. Admit or deny that the Defendants, separately and severally, could have instructed the Plaintiff and the Plaintiff's decedent to transport Travis Michael Montgomery to the Decatur General Hospital West for inpatient psychiatric evaluation and treatment.


/s/ S. Shay Samples
STEPHEN SHAY SAMPLES (SAM004)
ASHLEY REITZ PEINHARDT (REI043)
Attorneys for Plaintiffs

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Phone: 205-328-5330
Email: shay@hwnn.com
Email: ashley@hwnn.com


/s/ Michael D. Petway
Michael D. Petway (PET036)
Attorney for Plaintiffs


OF COUNSEL:
FUSTON, PETWAY & FRENCH
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: 205-977-9798
Email: mpetway@fpflaw.com


**THE ABOVE REQUEST FOR ADMISSIONS TO BE SERVED WITH
SUMMONS & COMPLAINT**

ELECTRONICALLY FILED
5/29/2015 4:10 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | | |
|---|---|---|
| SAMUEL WADE MONTGOMERY, As Personal | ) | |
| Representative and Administrator of the Estate of | ) | |
| SARAH RENAE MONTGOMERY, deceased; | ) | |
| SAMUEL WADE MONTGOMERY, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: |
| | ) | _____ |
| BAPTIST HEALTH SYSTEM, INC. d/b/a | ) | |
| Walker Baptist Medical Center; | ) | |
| KENT ALAN TAUB, M.D.; | ) | |
| GREG SMITH, CRNP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE
DEFENDANTS, BAPTIST HEALTH SYSTEM, INC., d/b/a WALKER BAPTIST
MEDICAL CENTER; KENT ALAN TAUB, M.D.; and GREG SMITH, CRNP**

Comes now the Plaintiff in the above-styled cause and pursuant to the Alabama Rules of Civil

Procedure, request the Defendants, separately and severally: **BAPTIST HEALTH SYSTEM, INC.,**

**d/b/a WALKER BAPTIST MEDICAL CENTER; KENT ALAN TAUB, M.D.; and GREG**

**SMITH, CRNP**, to produce legible copies of the following documents:

1.  A certified copy of any and all medical records (however designated) pertaining to Travis

Michael Montgomery's Emergency Room visit on November 10, 2013.

2.  Copy of the Table of Contents for each Defendant's Policies and Procedures (however

designated).

3.  Copies of all policies, procedures, protocols, directives, guidelines (however designated)

which have application, directly or indirectly, to the diagnosis, care and treatment of Travis Michael

Montgomery.

4.  Copies of any and all policies, procedures, directives, rules and regulations dealing with,

1

directly or indirectly, paragraph 33 (a-j) of Plaintiff's Complaint.

5.   Copies of all policies, procedures, protocols, directive, guidelines (however designated) regarding mentally or emotionally unstable patients seen in the Emergency Department.

6.   Copies of all policies, procedures, protocols, directive, guidelines (however designated) pertaining to a patient making overt threats to harm self and/or others.

7.   Copies of any and all documents (however designated) pertaining to any communication by and between the Defendants,  Defendants' employees and/or co-workers and The Children's Hospital pertaining to Travis Michael Montgomery.

8.   Copies of any and all documents (however designated) pertaining to any communication by and between the Defendants, Defendants' employees and/or co-workers and Brookwood Medical Center pertaining to Travis Michael Montgomery.

9.   Copies of any and all documents (however designated) pertaining to any communication by and between the Defendants, Defendants' employees and/or co-workers and Hillcrest Hospital pertaining to Travis Michael Montgomery.

10.   Copies of any and all documents (however designated) pertaining to any communication by and between the Defendants, Defendants' employees and/or co-workers and Decatur General West pertaining to Travis Michael Montgomery.

11.   Copy of Kent Alan Taub, M.D.'s CV.

12.   Copy of Greg Smith, CRNP's CV.

13.   A copy of all documents, exhibits, memoranda, notes, photographs, reports, or any other document of any kind whatsoever which are to be offered at the trial of this cause.

14.   Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to patients expressing suicidal and/or homicidal ideation in the Emergency

Department.

15.  Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) relative to the psychiatric evaluation of patients seen in the Emergency Department.

16.  Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to patients leaving the Emergency Department against medical advice (AMA).

17.  Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to §22-52-91 Alabama Code.

18.  Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to the interaction by and between the Emergency Department and the inpatient psychiatric unit and services at Walker Baptist Medical Center.

19.  Any and all documents pertaining to psychiatric consultation of patients in the Emergency Department.

20.  Any and all documents pertaining to communications with law enforcement officials relative to patients in the Emergency Department.

21.  Any and all documents pertaining to precautions to prevent harm or injury to patients seen in the Emergency Department, as well as to third parties by patients seen in the Emergency Department.

22.  Any and all documents, of any kind and nature whatsoever, pertaining to referrals and transfers to mental health facilities by the Walker Baptist Medical Center's Emergency Department.

23.  Any and all documents, of any kind and nature whatsoever, pertaining to the admittance of Emergency Department patients to Walker Baptist Medical Center's inpatient psychiatric unit.

24.  Any and all documents, of any kind and nature whatsoever, pertaining to the documents referred to in paragraph 33 (a -j) of Plaintiff's Complaint.

3

25.   Any and all documents, of any kind and nature whatsoever, evidencing the legal relationship between Kent Alan Taub, M.D.  and Walker Baptist Medical Center.

26.   Any and all documents, of any kind and nature whatsoever, evidencing the legal relationship between Greg Smith, CRNP  and Walker Baptist Medical Center.

27.   Any and all documents, of any kind and nature whatsoever, pertaining to 72 hour emergency holding of patients who are evidencing overt threats of harm to self or others.


/s/ S. Shay Samples
STEPHEN SHAY SAMPLES (SAM004)
ASHLEY REITZ PEINHARDT (REI043)
Attorneys for Plaintiffs

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203
Phone: 205-328-5330
Email: shay@hwnn.com
Email: ashely@hwnn.com


/s/ Michael D. Petway
Michael D. Petway (PET036)
Attorney for Plaintiffs

OF COUNSEL:
FUSTON, PETWAY & FRENCH
600 Luckie Drive, Suite 300
Birmingham, AL 35223
Phone: 205-977-9798
Email: mpetway@fpflaw.com


**THE FORGOING REQUESTS FOR PRODUCTION OF DOCUMENTS
ARE SERVED WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
5/8/2015 2:32 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, AS PERSONAL REPRESENTATIVE AND ADMINISTRATOR OF THE ESTATE OF SARAH RENAE MONTGOMERY, DECEASED, SAMUEL WADE MONTGOMERY, INDIVIDUALLY, | ) ) ) ) ) ) ) |
|     Plaintiff, | ) ) |
| vs. | ) ) ) |
| BAPTIST HEALTH SYSTEM, INC. D/B/A WALKER BAPTIST MEDICAL CENTER, et al, | ) ) ) ) |
|     Defendant. | ) |

CIVIL ACTION NO.
CV-2015-900088

## ANSWER TO PLAINTIFF'S
## FIRST AMENDMENT TO COMPLAINT

Comes now the Defendant, referred to in the complaint as

BAPTIST HEALTH SYSTEM, INC. D/B/A WALKER BAPTIST MEDICAL CENTER

and for an answer to plaintiff's first amended complaint and to

each averment therein asserts the following:

Defendant incorporates herein by reference as if set out in

full each of the defenses asserted in this defendant's answer to

plaintiff's original complaint.  A copy of said answer is

attached as "Exhibit A" to this answer.

Further, defendant responds to plaintiff's first amended

complaint as follows:

1

### TWENTIETH DEFENSE

Defendant denies plaintiff's allegations that this defendant violated the Emergency Medical Treatment and Active Labor Act (EMTALA), and denies further that any alleged acts claimed by plaintiff to constitute EMTALA violations by this defendant or its agents or employees proximately caused or contributed either to the death of plaintiff's decedent or the alleged injuries claimed by plaintiff, Samuel Wade Montgomery.

PARSONS, LEE & JULIANO, P.C.

Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of May, 2015, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile Electronic Filing System which will effect service of this filing on counsel for all parties to this proceeding as follows:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203-3331

2

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, AL 35223

and have served a copy of the foregoing pleading by placing the
same in the United States Mail properly addressed and first
class postage prepaid to the non-AlaFile participants:

Kent Alan Taub, M.D.
3004 Glen Willow Court SE
Owens Cross Roads, AL 35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120
Alabama State House

Pegasus Emergency Management
c/o Mr. Martin Trpis
1007 East Main Street, Suite 300
Bozeman, MT 59715

OF COUNSEL

3



ELECTRONICALLY FILED
4/29/2015 11:10 AM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, AS ) | |
| PERSONAL REPRESENTATIVE AND ) | |
| ADMINISTRATOR OF THE ESTATE OF ) | |
| SARAH RENAE MONTGOMERY, ) | |
| DECEASED, SAMUEL WADE ) | |
| MONTGOMERY, INDIVIDUALLY, ) | CIVIL ACTION NO. |
| ) | CV-2015-900088 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BAPTIST HEALTH SYSTEM, INC. ) | |
| D/B/A WALKER BAPTIST MEDICAL ) | |
| CENTER, et al, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Comes now the Defendant, referred to in the complaint as BAPTIST HEALTH SYSTEM, INC. D/B/A WALKER BAPTIST MEDICAL CENTER and for an answer to the complaint and to each averment therein asserts the following defenses, separately and severally:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies the material averments of the complaint and demands strict proof thereof.

### THIRD DEFENSE

Defendant pleads the general issue, not guilty.



DEFENDANT'S
EXHIBIT

A

## FOURTH DEFENSE

Defendant denies each of plaintiff's allegations of negligence against this defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute negligence by this defendant or its agents or employees proximately caused or contributed to the decedent's death.

## FIFTH DEFENSE

Defendant denies each of plaintiff's allegations of violations of the standard of care against this defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute violations of the standard of care by this defendant or its agents or employees proximately caused or contributed to the decedent's death.

## SIXTH DEFENSE

Defendant denies each of plaintiff Samuel Wade Montgomery's allegations of negligence against this defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute negligence by this defendant or its agents or employees proximately caused or contributed to the alleged injuries and damages claimed by plaintiff Samuel Wade Montgomery in the complaint.

## SEVENTH DEFENSE

Defendant denies each of plaintiff Samuel Wade Montgomery's allegations of violations of the standard of care against this

defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute violations of the standard of care by this defendant or its agents or employees proximately caused or contributed to the alleged injuries and damages claimed by plaintiff Samuel Wade Montgomery in the complaint.

### EIGHTH DEFENSE

As an affirmative defense to this claim, this defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically pleads in defense to this action and asserts the applicability of Sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551, and 6-5-552 of the *Code of Alabama*.

### NINTH DEFENSE

While this defendant denies that plaintiff is entitled to any relief against it, this defendant hereby asserts the provisions of Section 6-5-543 of the *Code of Alabama* and gives notice that any recovery against it can only be had in accordance with and subject to those provisions.

### TENTH DEFENSE

While this defendant denies that plaintiff is entitled to any relief against it, this defendant hereby asserts the

3

provisions of Section 6-5-544 of the *Code of Alabama* and pleads the limitations of this provision as an affirmative defense.

To the extent that the plaintiff is claiming punitive damages, the defendant asserts the following separate and several defenses:

### ELEVENTH DEFENSE

Defendant avers that the plaintiff is not entitled to punitive damages.

### TWELFTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages violates the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and the Constitution of the United States of America.

### THIRTEENTH DEFENSE

Defendant avers that the plaintiff's claim for punitive damages violates the constitutional safeguards provided to the defendant under the due process clause of the Fourteenth Amendment to the United States Constitution in that punitive damages are vague and are not rationally related to a legitimate government interest.

### FOURTEENTH DEFENSE

Defendant avers that an award of punitive damages in this case will violate Article I, Section 6 of the Constitution of the

4

State of Alabama which provides that no person shall be deprived of life, liberty or property without due process of law. The defendant avers that an award of punitive damages in this case would violate the procedural safeguards provided to the defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently the defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTEENTH DEFENSE

The defendant avers that an award of punitive damages in this case would violate the defendant's rights guaranteed by the Eighth Amendment to the Constitution of the United States of America and Article I, Section 15 of the Constitution of the State of Alabama, 1891, in that punitive damages are penal in nature and would violate the excessive fines clauses and Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, 1891.

### SIXTEENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of §6-11-21, Ala. Code (1975), which provides that an award of punitive damages shall not exceed $250,000. See Oliver v. Towns, [Ms. 1970312, Jan. 15, 1999] — So. 2d — (Ala. 1999).

5

### SEVENTEENTH DEFENSE

The holding of Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), is due to be overruled for each and every reason set forth in the special concurrences in Good Year Tire & Rubber Co. v. Vinson, [Ms. 1972057, 1972186, April 23, 1999] - So. 2d - (Ala. 1999), and supporting authorities therein, which are adopted by reference as if fully set out herein.

### EIGHTEENTH DEFENSE

The doctrine of revival dictates that upon the overruling of Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), the $250,000 cap provided by §6-11-21, Ala. Code (1975), is applicable to this case which was filed after §6-11-21 was enacted.

### NINETEENTH DEFENSE

Defendant contests plaintiff's standing and legal capacity to file this action, therefore the same is due to be dismissed pursuant to applicable Alabama law.

PARSONS, LEE & JULIANO, P.C.

Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600

6

Defendant demands trial by struck jury.

Jasper P. Juliano

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of April, 2015, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile Electronic Filing System which will effect service of this filing on counsel for all parties to this proceeding as follows:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL  35203-3331

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, AL  35223

and have served a copy of the foregoing pleading by placing the same in the United States Mail properly addressed and first class postage prepaid to the non-AlaFile participants:

Kent Alan Taub, M.D.
3004 Glen Willow Court SE
Owens Cross Roads, AL 35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120

The Honorable Luther Strange
Attorney General State of Alabama
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152

OF COUNSEL                    Jasper P. Juliano

7

ELECTRONICALLY FILED
5/29/2015 11:10 AM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, AS PERSONAL REPRESENTATIVE AND ADMINISTRATOR OF THE ESTATE OF SARAH RENAE MONTGOMERY, DECEASED, SAMUEL WADE MONTGOMERY, INDIVIDUALLY, | ) ) ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) CV-2015-900088 ) |
| vs. | ) ) |
| BAPTIST HEALTH SYSTEM, INC. D/B/A WALKER BAPTIST MEDICAL CENTER, et al, | ) ) ) |
| Defendants. | ) ) |

### ANSWER

Comes now the Defendant, referred to in the complaint as BAPTIST HEALTH SYSTEM, INC. D/B/A WALKER BAPTIST MEDICAL CENTER and for an answer to the complaint and to each averment therein asserts the following defenses, separately and severally:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies the material averments of the complaint and demands strict proof thereof.

### THIRD DEFENSE

Defendant pleads the general issue, not guilty.

### FOURTH DEFENSE

Defendant denies each of plaintiff's allegations of negligence against this defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute negligence by this defendant or its agents or employees proximately caused or contributed to the decedent's death.

### FIFTH DEFENSE

Defendant denies each of plaintiff's allegations of violations of the standard of care against this defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute violations of the standard of care by this defendant or its agents or employees proximately caused or contributed to the decedent's death.

### SIXTH DEFENSE

Defendant denies each of plaintiff Samuel Wade Montgomery's allegations of negligence against this defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute negligence by this defendant or its agents or employees proximately caused or contributed to the alleged injuries and damages claimed by plaintiff Samuel Wade Montgomery in the complaint.

### SEVENTH DEFENSE

Defendant denies each of plaintiff Samuel Wade Montgomery's allegations of violations of the standard of care against this

defendant and denies further that any alleged acts or omissions claimed by plaintiff to constitute violations of the standard of care by this defendant or its agents or employees proximately caused or contributed to the alleged injuries and damages claimed by plaintiff Samuel Wade Montgomery in the complaint.

### EIGHTH DEFENSE

As an affirmative defense to this claim, this defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically pleads in defense to this action and asserts the applicability of Sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551, and 6-5-552 of the *Code of Alabama*.

### NINTH DEFENSE

While this defendant denies that plaintiff is entitled to any relief against it, this defendant hereby asserts the provisions of Section 6-5-543 of the *Code of Alabama* and gives notice that any recovery against it can only be had in accordance with and subject to those provisions.

### TENTH DEFENSE

While this defendant denies that plaintiff is entitled to any relief against it, this defendant hereby asserts the

provisions of Section 6-5-544 of the *Code of Alabama* and pleads the limitations of this provision as an affirmative defense.

To the extent that the plaintiff is claiming punitive damages, the defendant asserts the following separate and several defenses:

### ELEVENTH DEFENSE

Defendant avers that the plaintiff is not entitled to punitive damages.

### TWELFTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages violates the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and the Constitution of the United States of America.

### THIRTEENTH DEFENSE

Defendant avers that the plaintiff's claim for punitive damages violates the constitutional safeguards provided to the defendant under the due process clause of the Fourteenth Amendment to the United States Constitution in that punitive damages are vague and are not rationally related to a legitimate government interest.

### FOURTEENTH DEFENSE

Defendant avers that an award of punitive damages in this case will violate Article I, Section 6 of the Constitution of the

State of Alabama which provides that no person shall be deprived of life, liberty or property without due process of law.  The defendant avers that an award of punitive damages in this case would violate the procedural safeguards provided to the defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently the defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTEENTH DEFENSE

The defendant avers that an award of punitive damages in this case would violate the defendant's rights guaranteed by the Eighth Amendment to the Constitution of the United States of America and Article I, Section 15 of the Constitution of the State of Alabama, 1891, in that punitive damages are penal in nature and would violate the excessive fines clauses and Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, 1891.

### SIXTEENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of §6-11-21, Ala. Code (1975), which provides that an award of punitive damages shall not exceed $250,000.  See Oliver v. Towns, [Ms. 1970312, Jan. 15, 1999] – So. 2d – (Ala. 1999).

## SEVENTEENTH DEFENSE

The holding of Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), is due to be overruled for each and every reason set forth in the special concurrences in Good Year Tire & Rubber Co. v. Vinson, [Ms. 1972057, 1972186, April 23, 1999] – So. 2d – (Ala. 1999), and supporting authorities therein, which are adopted by reference as if fully set out herein.

## EIGHTEENTH DEFENSE

The doctrine of revival dictates that upon the overruling of Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), the $250,000 cap provided by §6-11-21, Ala. Code (1975), is applicable to this case which was filed after §6-11-21 was enacted.

## NINETEENTH DEFENSE

Defendant contests plaintiff's standing and legal capacity to file this action, therefore the same is due to be dismissed pursuant to applicable Alabama law.


PARSONS, LEE & JULIANO, P.C.


Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600

Defendant demands trial by struck jury.

*Jasper P. Juliano*
Jasper P. Juliano

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 29th day of April, 2015, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile Electronic Filing System which will effect service of this filing on counsel for all parties to this proceeding as follows:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL  35203-3331

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, AL  35223

and have served a copy of the foregoing pleading by placing the same in the United States Mail properly addressed and first class postage prepaid to the non-AlaFile participants:

Kent Alan Taub, M.D.
3004 Glen Willow Court SE
Owens Cross Roads, AL 35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120

The Honorable Luther Strange
Attorney General State of Alabama
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152

*Jasper P. Juliano*
OF COUNSEL

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

SAMUEL WADE MONTGOMERY, AS          )
PERSONAL REPRESENTATIVE AND         )
ADMINISTRATOR OF THE ESTATE OF      )
SARAH RENAE MONTGOMERY,             )
DECEASED, SAMUEL WADE               )
MONTOGMERY, INDIVIDUALLY,           )   CIVIL ACTION NO.
                                    )   CV-2015-900088
        Plaintiff,                  )
                                    )
vs.                                 )
                                    )
BAPTIST HEALTH SYSTEM, INC.         )
D/B/A WALKER BAPTIST MEDICAL        )
CENTER, et al,                      )
                                    )
        Defendant.

## DEFENDANT'S INITIAL RESPOSE (OBJECTIONS) TO PLAINTIFF'S FIRST INTERROGATORIES

Comes the Defendant, Baptist Health System, Inc. d/b/a
Walker Baptist Medical Center, and objects to the following of
plaintiff's first interrogatories to this defendant:

4.    Please state in detail each and every reasons why you
did not attempt to utilize §22-52-91 Alabama Code relative to
having Travis Michael Montgomery admitted to an appropriate
mental healthcare facility on November 10, 2013.

**RESPONSE: Defendant objects to this interrogatory as it seeks a**

**legal conclusion and is therefore not the proper subject of**

**discovery.**

20.   State the name of your professional medical liability
insurance carrier on November 10, 2013.

**RESPONSE: Defendant objects to this interrogatory as it seeks information not discoverable pursuant to the following:**

    **a.**    **Section 6-5-551 of the *Code of Alabama***

    **b.**    **Section 6-5-548 of the *Code of Alabama***

    23.  For each and every request for admissions that you deny, please state specifically in detail each and every reason for denying said request for admission.

**RESPONSE: Defendant objects to this interrogatory for that as worded, it is sufficiently broad that it seeks or may seek information privileged and not discoverable pursuant to one or more of the following:**

    **a.**    **The Attorney-Client Privilege**

    **b.**    **The Attorney Work-Product Rule**

    **c.**    **Section 6-5-551 of the *Code of Alabama***

PARSONS, LEE & JULIANO, P.C.

Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600

2

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have on this <u>14th</u> day of May, 2015, served a copy of the foregoing pleading on counsel for all parties to this proceeding by placing the same in the United States Mail properly addressed and first class postage prepaid to:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203-3331

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, AL 35223

Mr. Martin Trpis
Chief Legal Council
Pegasus Emergency Management
1007 East Main Street, Suite 300
Bozeman, MT 59715

Kent Alan Taub, M.D.
3004 Glen Willow Court SE
Owens Cross Roads, AL 35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120

OF COUNSEL

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

SAMUEL WADE MONTGOMERY, AS      )
PERSONAL REPRESENTATIVE AND     )
ADMINISTRATOR OF THE ESTATE OF  )
SARAH RENAE MONTGOMERY,         )
DECEASED, SAMUEL WADE           )
MONTGOMERY, INDIVIDUALLY,       )  CIVIL ACTION NO.
                                )  CV-2015-900088
        Plaintiff,              )
                                )
vs.                             )
                                )
BAPTIST HEALTH SYSTEM, INC.     )
D/B/A WALKER BAPTIST MEDICAL    )
CENTER, et al,                  )
                                )
        Defendant.

## DEFENDANT'S INTIAL RESPONE (OBJECTIONS) TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Comes the Defendant, Baptist Health System, Inc. d/b/a Walker Baptist Medical Center, and objects to the following of plaintiff's first request for production to this defendant:

2.   Copy of the Table of Contents for each Defendant's Policies and Procedures (however designated)

**RESPONSE: Defendant objects to this request for that it is sufficiently broad that it seeks information not discoverable pursuant to §6-5-551 of the *Code of Alabama*.  Without waiving this objection defendant says it will produce policies and procedures relevant to the claims pled in this case.**

3. Copies of all policies, procedures, protocols, directives, guidelines (however designated) which have application, directly or indirectly, to the diagnosis, care and treatment to Travis Michael Montgomery.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

4. Copies of any and all policies, procedures, directives, rules and regulations dealing with, directly or indirectly, paragraph 33 (a-j) of Plaintiff's Complaint.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

5. Copies of all policies, procedures, protocols, directive, guidelines (however designated) regarding mentally or emotionally unstable patients seen in the Emergency Department.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

6. Copies of all policies, procedures, protocols, directive, guidelines (however designated) pertaining to a patient making overt threats to harm self and/or others.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

14. Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to

2

patients expressing suicidal and/or homicidal ideation in the Emergency Department.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

15.   Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) relative to the psychiatric evaluation of patients seen in the Emergency Department.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

16.   Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to patients leaving the Emergency Department against medical advice (AMA).

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

17.   Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to §22-52-91 Alabama Code.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

18.   Copies of any and all policies, procedure, protocols, directives, guidelines (however designated) pertaining to the

interaction by and between the Emergency Department and the inpatient psychiatric unit and services at Walker Baptist Medical Center.

**RESPONSE: Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.**

19. Any and all documents pertaining to psychiatric consultation of patients in the Emergency Department.

**RESPONSE: Defendant objects to this request for that as worded it is sufficient broad that it seeks information privileged and not discoverable pursuant to one or more of the following:**

    **a.**   **Section 6-5-551 of the *Code of Alabama***

    **b.**   **HIPAA**

    **c.**   **It is sufficiently broad that it seeks patient sensitive and confidential information relative to patients other than Travis Michael Montgomery**

20. Any and all documents pertaining to communications with law enforcement officials relative to patients in the Emergency Department.

**RESPONSE: Defendant objects to this request for that as worded it is sufficient broad that it seeks information privileged and not discoverable pursuant to one or more of the following:**

    **a.**   **Section 6-5-551 of the *Code of Alabama***

    **b.**   **HIPAA**

4

   c.    **It is sufficiently broad that it seeks patient**

        **sensitive and confidential information relative to**

        **patients other than Travis Michael Montgomery**

21. Any and all documents pertaining to precautions to prevent harm or injury to patients seen in the Emergency Department, as well as to third parties by patients seen in the Emergency Department.

**RESPONSE: Defendant objects to this request for that as worded it is sufficient broad that it seeks information privileged and not discoverable pursuant to one or more of the following:**

   a.    **Section 6-5-551 of the *Code of Alabama***

   b.    **HIPAA**

   c.    **It is sufficiently broad that it seeks patient**

        **sensitive and confidential information relative to**

        **patients other than Travis Michael Montgomery**

22. Any and all documents, of any kind and nature whatsoever, pertaining to referrals and transfers to mental health facilities by the Walker Baptist Medical Center's Emergency Department.

**RESPONSE: Defendant objects to this request for that as worded it is sufficient broad that it seeks information privileged and not discoverable pursuant to one or more of the following:**

   a.    **Section 6-5-551 of the *Code of Alabama***

   b.    **HIPAA**

    **c.**   **It is sufficiently broad that it seeks patient**

        **sensitive and confidential information relative to**

        **patients other than Travis Michael Montgomery**

23.   Any and all documents, of any kind and nature whatsoever, pertaining to the admittance of Emergency Department patients to Walker Baptist Medical Center's inpatient psychiatric unit.

**RESPONSE: Defendant objects to this request for that as worded it is sufficient broad that it seeks information privileged and not discoverable pursuant to one or more of the following:**

    **a.**   **Section 6-5-551 of the *Code of Alabama***

    **b.**   **HIPAA**

    **c.**   **It is sufficiently broad that it seeks patient**

        **sensitive and confidential information relative to**

        **patients other than Travis Michael Montgomery**

24.   Any and all documents, of any kind and nature whatsoever, pertaining to the documents referred to in paragraph 33 (a-k) of Plaintiff's Complaint.

**RESPONSE: Defendant objects to this request for that it seeks discovery not allowed pursuant to one or more of the following:**

    **a.**   **The Attorney-Client Privilege**

    **b.**   **The Attorney Work-Product Rule**

    **c.**   **Section 22-21-8 of the *Code of Alabama***

    **d.**   **Section 34-24-58 of the *Code of Alabama***

     e.    Section 34-24-59 of the *Code of Alabama*

     f.    Section 6-5-333 of the *Code of Alabama*

     g.    Section 6-5-551 of the *Code of Alabama*

     **Defendant will produce policies and procedures relative to the claims pled in this case in effect at the time of the events that are the subject of this case.  Further, plaintiff has the burden of proof.**

                            PARSONS, LEE & JULIANO, P.C.


_____
Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600


<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have on this <u>14th</u> day of May, 2015, served a copy of the foregoing pleading on counsel for all parties to this proceeding by placing the same in the United States Mail properly addressed and first class postage prepaid to:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL  35203-3331

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, AL  35223

Mr. Martin Trpis
Chief Legal Council
Pegasus Emergency Management
1007 East Main Street, Suite 300
Bozeman, MT  59715

Kent Alan Taub, M.D.
3004 Glen Willow Court SE
Owens Cross Roads, AL 35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120

OF COUNSEL

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

SAMUEL WADE MONTGOMERY, AS           )
PERSONAL REPRESENTATIVE AND          )
ADMINISTRATOR OF THE ESTATE OF       )
SARAH RENAE MONTGOMERY,              )
DECEASED; SAMUEL WADE                )
MONTGOMERY, INDIVIDUALLY,            )    CIVIL ACTION NO.
                                     )    CV-2015-900088
        Plaintiff,                   )
                                     )
vs.                                  )
                                     )
BAPTIST HEALTH SYSTEM, INC.          )
D/B/A WALKER BAPTIST MEDICAL         )
CENTER, et al,                       )
                                     )
        Defendant.                   )

## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS OF DEFENDANTS, BAPTIST HEALTH SYSTEM, INC. D/B/A WALKER BAPTIST MEDICAL CENTER

Comes the defendant, Baptist Health System, Inc. d/b/a Walker Baptist Medical Center, and in response to plaintiff's request for admissions says as follows:

1.    Admit or deny that the facts state in paragraph 1 of Plaintiff's Complaint are true and accurate.

**RESPONSE: This case is in the very early stages of discovery and defendant does not have sufficient information at this time to admit or deny this request, therefore defendant denies same.**

2.    Admit or deny that the facts stated in paragraph 2 of Plaintiff's Complaint are true and accurate.

**RESPONSE: This case is in the very early stages of discovery and defendant does not have sufficient information at**

[0200-00312/961085/1]

this time to admit or deny this request, therefore defendant denies same.

3.    Admit or deny that the facts stated in paragraph 3 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, denied.**

4.    Admit or deny that the facts stated in paragraph 4 of Plaintiff's Complaint are true and accurate.

**RESPONSE: This defendant admits that Kent Alan Taub, M.D. was an adult who was engaged in the practice of emergency medicine on the date of the occurrence made the basis of this suit. Defendant denies Kent Alan Taub, M.D. was acting for and on behalf of this defendant and that this defendant is vicariously liable for his acts and omissions.**

5.    Admit or deny that the facts stated in paragraph 5 of Plaintiff's Complaint are true and accurate.

**RESPONSE: This defendant admits that Greg Smith, CRNP, was an adult who was acting as a nurse practitioner on the date of the occurrence made the basis of this suit. Defendant denies Greg Smith, CRNP was acting for and on behalf of this defendant and that this defendant is vicariously liable for his acts and omissions.**

6.    Admit or deny that the facts stated in paragraph 6 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Plaintiff's complaint does not contain a paragraph 6, therefore this request is denied.**

7.   Admit or deny that the facts stated in paragraph 7 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, denied.**

8.   Admit or deny that the facts stated in paragraph 8 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Based on the information available to the defendant at this time, admitted.**

9.   Admit or deny that the facts stated in paragraph 9 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, denied.**

10.  Admit or deny that the facts stated in paragraph 10 of Plaintiff's Complaint are true and accurate.

**RESPONSE: This case is in the very early stages of discovery, therefore, based on the information available at this time, defendant admits that in the medical records regarding Travis Michael Montgomery under History of Present Illness, the Chief Complaint is listed as Alcohol Intoxication and under Clinical Impression the Psychiatric Evaluation and Diagnoses are listed as Suicidal Ideation, Homicidal Ideation and Alcohol Intoxication.**

[0200-00312/961085/1]

3

11.  Admit or deny that the facts stated in paragraph 11 of Plaintiff's Complaint are true and accurate.

**RESPONSE: This case is in the very early stages of discovery, therefore, based on the information available at this time, defendant admits that it was documented in the medical records regarding Travis Michael Montgomery that (1) the patient presented to ED for psych evaluation due to alcohol intoxication; (2) the mother stated he was picked up by police while walking and ETOH was 4X legal limit; and, (3) the patient told the police he wanted to kill himself.**

**Defendant is without sufficient information to admit or deny that the police recommended obtaining an emergency psychiatric evaluation, therefore denied.  Defendant reserves the right to supplement this response if necessary as discovery proceeds.**

12.  Admit or deny that the facts stated in paragraph 12 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, and based on the information available at this time, denied.**

13.  Admit or deny that the facts stated in paragraph 13 of Plaintiff's Complaint are true and accurate.

RESPONSE: As worded, and based on the information available at this time, defendant denies the Walker Baptist Medical Center record confirms that Travis was suffering from a serious and severe mental health problem, "at said time and place". Further, based on the information available at this time, defendant admits it was documented in the medical records (1) "The primary symptoms include bizarre behavior." (2) "The current episode started today.  Onset: today." and (3) "The bizarre behavior appears to have been unchanged since its onset. Types: intoxicated.  The onset of the illness is precipitated by alcohol abuse."

14.  Admit or deny that the facts stated in paragraph 14 of Plaintiff's Complaint are true and accurate.

RESPONSE: Based on the information available at this time, this defendant admits those statements were documented in the medical record, however to the extent this requests a doctor's diagnosis, defendant is unable to admit or deny at this time and therefore denies.  Defendant reserves the right to supplement this response if necessary as discovery proceeds.

15.  Admit or deny that the facts stated in paragraph 15 of Plaintiff's Complaint are true and accurate.

[0200-00312/961085/1]

RESPONSE: Based on the information available at this time, this defendant admits those statements are documented in the medical record.

16.   Admit or deny that the facts stated in paragraph 16 of Plaintiff's Complaint are true and accurate.

RESPONSE: As worded, denied.  However, based on the information available at this time, defendant admits record entries generated by Defendants, Kent Alan Taub, M.D. and Greg Smith, CRNP, document "His speech is slurred.  He is slowed" and the patient "voiced both suicidal ideations and homicidal ideations".

17.   Admit or deny that the facts stated in paragraph 17 of Plaintiff's Complaint are true and accurate.

RESPONSE: As worded, denied.  However, based on the information available at this time, defendant admits the psychiatric evaluation documented by Defendants, Kent Alan Taub, M.D. and Greg Smith, CRNP, records (1) Travis Montgomery was solemn with very limited response to interview questions.  There was no eye contact.  Therefore there was limited interaction and inability to fully assess his psychological state; (2) Travis Montgomery was withdrawn from interaction; and they also document Travis Montgomery "voiced both suicidal ideations and

homicidal ideations (towards his parents) this evening after being arrested.  Parents are uncomfortable having him at home without psychiatric evaluation."

18.  Admit or deny that the facts stated in paragraph 18 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, denied.  This case is in the very early stages of discovery, therefore, based on the information available at this time, defendant admits that the medical records regarding Travis Michael Montgomery document (1) picked up from jail by parents; (2) ETOH was 4X legal limit; and, (3) patient stated to Police Officer he wanted to die; and (4) patient stated he thought of choking his parents with a cord the entire way to the hospital.**

19.  Admit or deny that the facts stated in paragraph 19 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, denied.  Further, the record speaks for itself.**

20.  Admit or deny that the facts stated in paragraph 20 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Based on the information available at this time, as worded this request is denied.  Defendant admits the following is documented in the medical "parents insist on**

[0200-00312/961085/1]

7

placement" and "Renee the pts mother states ok to send to any
facility that will admit him."

21.   Admit or deny that the facts stated in paragraph 21 of
Plaintiff's Complaint are true and accurate.

RESPONSE: Based on the information available at this time,
defendant admits this is documented in the medical record.
Further, the record speaks for itself.

22.   Admit or deny that the facts stated in paragraph 22 of
Plaintiff's Complaint are true and accurate.

RESPONSE: Based on the information available at this time,
defendant, admitted.

23.   Admit or deny that the facts stated in paragraph 23 of
Plaintiff's Complaint are true and accurate.

RESPONSE: As worded, this request is denied.  Defendant
admits the following is documented in the medical record "Renee
the pts mother states ok to send to any facility that will admit
him."  Further, defendant objects as it calls for a legal
conclusion.

24.   Admit or deny that the facts stated in paragraph 24 of
Plaintiff's Complaint are true and accurate.

RESPONSE: Based on the information available at this time,
as worded, this request is denied.

25.  Admit or deny that the facts stated in paragraph 25 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Based on the information available at this time, as worded, this request is denied.  Further, defendant objects as it calls for a legal conclusion.**

26.  Admit or deny that the facts stated in paragraph 26 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Based on the information available at this time, as worded, this request is denied.  Further, defendant objects as it calls for a legal conclusion.**

27.  Admit or deny that the facts stated in paragraph 27 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Defendant objects as this request calls for a legal conclusion.  Further, this case is in the very early stages of discovery and defendant does not have sufficient information at this time to admit or deny this request, therefore defendant denies same.**

28.  Admit or deny that the facts stated in paragraph 28 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, this request is denied.**

29.  Admit or deny that the facts stated in paragraph 29 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, this request is denied.  Further, defendant objects as this request calls for a legal conclusion.**

30.  Admit or deny that the facts stated in paragraph 30 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Admitted.**

31.  Admit or deny that the facts stated in paragraph 31 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Defendant objects as this request calls for a legal conclusion.  Further, this defendant is unable to admit or deny this request, therefore it is denied.**

32.  Admit or deny that the facts stated in paragraph 32 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded this defendant is unable to admit or deny this request therefore it is denied.**

33.  Admit or deny that the facts stated in paragraph 33 of Plaintiff's Complaint are true and accurate.

**RESPONSE: Denied.**

34.  Admit or deny that the facts stated in paragraph 34 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, this defendant is unable to admit or deny this request therefore it is denied.**

35.  Admit or deny that the facts stated in paragraph 35 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, this defendant is unable to admit or deny this request therefore it is denied.**

36.  Admit or deny that the facts stated in paragraph 36 of Plaintiff's Complaint are true and accurate.

**RESPONSE: As worded, this defendant is unable to admit or deny this request therefore it is denied.**

37.  Admit or deny that Travis Michael Montgomery posed a substantial risk of harm and danger to the Plaintiff and the Plaintiff's decedent on November 10, 2013.

**RESPONSE: As worded, this defendant is unable to admit or deny this request therefore it is denied.**

38.  Admit or deny that Travis Michael Montgomery was making overt threats of suicide on November 10, 2013.

**RESPONSE: Based on the information available at this time, this request is denied.  Further, refer to the medical record.**

39.  Admit or deny that Travis Michael Montgomery was making overt threats of committing homicide of his parents, Samuel Wade Montgomery and Sarah Renae Montgomery on November 10, 2013.

**RESPONSE: As worded, this defendant is unable to admit or deny this request therefore it is denied.**

40.  Admit or deny that it was foreseeable that Travis Michael Montgomery might harm his parents, Samuel Wade

Montgomery and Sarah Renae Montgomery if he was discharged from the Emergency Department on November 10, 2013.

**RESPONSE: Denied.**

41.  Admit or deny that Travis Michael Montgomery's suicidal ideations and homicidal ideations towards his parents was real on November 10, 2013.

**RESPONSE: As worded, this defendant is unable to admit or deny this request therefore it is denied.**

42  Admit or deny that Travis Michael Montgomery appeared to be serious about his suicidal ideations and homicidal ideations towards his parents.

**RESPONSE: This case is in the very early stages of discovery and defendant does not have sufficient information at this time to admit or deny this request, therefore defendant denies same.**

43  Admit or deny that the standard of care required and obligated the Defendants, separately and severally, to take Travis Michael Montgomery's suicidal ideations and homicidal ideations seriously.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

44.  Admit or deny that the standard of care required and obligated the defendants, separately and severally, to warn the

Plaintiff and the Plaintiff's decedent of the seriousness of Travis Michael Montgomery's homicidal ideation toward them.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

45.  Amit or deny that the standard of care required and obligated the Defendants, separately and severally, to take reasonable steps and precautions to protect the Plaintiff and the Plaintiff's decedent from Travis Michael Montgomery's homicidal ideations towards them.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

46.  Admit or deny that Travis Michael Montgomery's verbalized, specific, overt threats of homicidal actions toward the Plaintiff and the Plaintiff's decedent made the possibility of serious harm or injury to the Plaintiff and the Plaintiff's decedent foreseeable.

**RESPONSE: Denied.**

47.  Admit or deny that the Defendants, separately and severally, had actual notice and knowledge of the fact that discharging Travis Michael Montgomery into the custody of parents directly resulted in the possibility of serious harm and injury being inflicted upon the Plaintiff and the Plaintiff's decedent by Travis Michael Montgomery.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

48.  Admit or deny that the Defendants, separately and severally, had actual notice and knowledge that discharging Travis Michael Montgomery without a psychiatric evaluation and/or treatment directly resulted in the possibility of harm being inflicted upon the Plaintiff and the Plaintiff's decedent by Travis Michael Montgomery.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

49.  Admit or deny that the Defendants, separately and severally, were concerned about the possibility of serious harm being inflicted upon the Plaintiff and the Plaintiff's decedent by Travis Michael Montgomery at the time he left the Walker Baptist Medical Center Emergency Department.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

50.  Admit or deny that the Defendants, separately and severally, were aware, at the time of Travis Michael Montgomery's departure from the Walker Baptist Medical Center Emergency Department that there was the possibility that Travis Michael Montgomery would inflict serious harm or injury to the Plaintiff and Plaintiff's decedent.

[0200-00312/961085/1]

14

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

51.  Admit or deny that it was dangerous to allow Travis Michael Montgomery to leave the Walker Baptist Medical Center's Emergency Department against medical advice (AMA).

**RESPONSE: This case is in the very early stages of discovery and defendant does not have sufficient information at this time to admit or deny this request, therefore defendant denies same.**

52.  Admit or deny that the Defendants, separately and severally, had actual notice and knowledge that allowing Travis Michael Montgomery to leave the Emergency Department at Walker Baptist Medical Center against medical advice (AMA) directly posed a high risk of harm to Travis Michael Montgomery, as well as the Plaintiff and the Plaintiff's decedent.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore the same is denied.**

53.  Admit or deny that a psychiatric evaluation and/or consultation was available for Travis Michael Montgomery in the Walker Baptist Medical Center Emergency Department.

**RESPONSE: As worded, denied.**

54.  Admit or deny that Travis Michael Montgomery could have been admitted to the inpatient psychiatric unit at Walker Baptist Medical Center.

**RESPONSE: Denied.**

55.  Admit or deny that the Plaintiff and the Plaintiff's decedent, as parents of Travis Michael Montgomery, a minor, had the absolute legal right to have Travis Michael Montgomery admitted as an inpatient to a hospital for all indicated and necessary treatment.

**RESPONSE: Defendant objects to this request as it calls for a legal conclusion.  Further, as worded, this defendant cannot admit or deny this request, therefore the same is denied**

56.  Admit or deny that it was not legally necessary to have Travis Michael Montgomery's consent in order to have him admitted to a facility as an inpatient.

**RESPONSE: Defendant objects to this request as it calls for a legal conclusion.  Further, this case is in the very early stages of discovery and defendant does not have sufficient information at this time to admit or deny this request, therefore defendant denies same.**

57.  Admit or deny that the Plaintiff and the Plaintiff's decedent were at high risk for harm by virtue of Travis Michael

Montgomery's expressions of overt homicidal ideations directed toward them specifically.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore it is denied.**

58.  Admit or deny that Travis Michael Montgomery's homicidal threats directed toward the Plaintiff and the Plaintiff's decedent posed a clear and present danger to the Plaintiff and the Plaintiff's decedent.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore it is denied.**

59.  Admit or deny that the Defendants, separately and severally, had the legal duty to inform the Plaintiff and the Plaintiff's decedent of the availability of a psychiatric inpatient bed at Decatur General Hospital West for Travis Michael Montgomery.

**RESPONSE: As worded, this defendant cannot admit or deny this request, therefore it is denied.  Further, defendant objects to this request as it calls for a legal conclusion.**

60.  Admit or deny that the Defendants, separately and severally, could have instructed the Plaintiff and the Plaintiff's decedent to transport Travis Michael Montgomery to Decatur General Hospital West for inpatient psychiatric evaluation and treatment.

[0200-00312/961085/1]

**RESPONSE: As worded, this defendant cannot admit or deny
this request, therefore it is denied.  Further, defendant
objects to this request as it calls for a legal conclusion.**

PARSONS, LEE & JULIANO, P.C.

Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _14_ day of May,
2015, served a copy of the foregoing pleading on counsel for all
parties to this proceeding by placing the same in the United
States Mail properly addressed and first class postage prepaid
to:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, Alabama  35203-3331

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, Alabama  35223

Kent Alan Taub, M.D.
3004 Glen Willow Ct, SE
Owens Cross Road, Alabama  35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, Alabama  35120

[0200-00312/961085/1]

18

Pegasus Emergency Group SHA, LLC
C/O Martin Trpis
4 Emergency
1007 East Main Street, Suite 300
Bozeman, Montana  59715

OF COUNSEL

ELECTRONICALLY FILED
5/14/2015 4:49 PM
64-CV-2015-900088.00
CIRCUIT COURT OF
WALKER COUNTY, ALABAMA
SUSAN ODOM, CLERK

IN THE CIRCUIT COURT OF WALKER COUNTY, ALABAMA

SAMUEL WADE MONTGOMERY, AS )
PERSONAL REPRESENTATIVE AND )
ADMINISTRATOR OF THE ESTATE )
OF SARAH RENAE MONTGOMERY, )
DECEASED, SAMUEL WADE )
MONTGOMERY, INDIVIDUALLY, )
                                )
     Plaintiff           )  CIVIL ACTION NO.
                                )  CV-2015-900088
vs.                           )
                                )
BAPTIST HEALTH SYSTEM, INC. )
D/B/A WALKER BAPTIST MEDICAL )
CENTER, ET AL, )
                                )
     Defendants.        )

### NOTICE OF FILING DISCOVERY

Please take notice that the defendant, Baptist Health System, Inc. d/b/a Walker Baptist Medical Center has served the following discovery:

DEFENDANT'S INITIAL RESPONSE (OBJECTIONS) TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

DEFENDANT'S INITIAL RESPONSE (OBJECTIONS) TO PLAINTIFF'S INTERROGATORIES

DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

PARSONS, LEE & JULIANO, P.C.

Jasper P. Juliano
600 Vestavia Parkway, Suite 300
Post Office Box 661228 (35266)
Birmingham, Alabama 35216
(205) 326-6600

CERTIFICATE OF SERVICE

    I hereby certify that I have on this 14th day of May, 2015, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile Electronic Filing System which will effect service of this filing on counsel for all parties to this proceeding and have served a copy of the foregoing pleading by placing the same in the United States Mail properly addressed and first class postage prepaid to the non-AlaFile participants:

Mr. Stephen Shay Samples
Ms. Ashley Reitz Peinhardt
Hare, Wynn, Newell and Newton, LLP
The Massey Building, Suite 800
2025 Third Avenue North
Birmingham, AL 35203-3331

Mr. Michael D. Petway
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Suite 300
Birmingham, AL 35223

Mr. Martin Trpis
Chief Legal Council
Pegasus Emergency Management
1007 East Main Street, Suite 300
Bozeman, MT 59715

Kent Alan Taub, M.D.
3004 Glen Willow Court SE
Owens Cross Roads, AL 35763

Greg Smith, CRNP
530 Ridgefield Way
Odenville, AL 35120

OF COUNSEL