UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| SAMUEL WADE MONTGOMERY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 6:15-cv-00881-TMP ) |
| BAPTIST HEALTH SYSTEM, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **PROTECTIVE ORDER**

During the Telephone Conference held on January 18, 2018, the parties requested a Protective Order as to the Exhibits attached to the Cross-Claim and Third-Party Complaint for Declaratory Judgment filed under seal on December 12, 2017 (doc. 43). The request is **GRANTED**, and the Court hereby **ENTERS** a Protective Order in the above-styled action as follows:

1. This Protective Order shall be entered pursuant to the ***Federal Rules of Civil Procedure.***

2. This Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

1

(a) Any documents, including without limitation, documents from personnel or employment files of any employee or former employee of the Defendants;

(b) Any and all documents referring or related to the Defendants' Bylaws or rules of governance, confidential and proprietary human resources or business information; financial records of the parties and third parties; compensation of Defendants' current or former personnel; policies, procedures and/or training materials of Defendants; and/or Defendants' organizational structure;

(c) Any and all medical records and Protected Health Information of the Plaintiffs;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

(e) Any other documents which a party in good faith designates as "confidential."

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated or otherwise expressly identified as confidential: "CONFIDENTIAL". Defendants will use their best efforts to limit the number of documents designated as Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be

carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of this Protective Order and the terms herein to persons to whom they disclose "Confidential Information," as defined by the terms of this Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Protective Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials or any portion of the deposition transcript reflecting the Confidential Information.

If any party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials. The parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

8. All information produced in this action, whether or not deemed Confidential, shall be used only for purposes of this litigation and not for any other purpose.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Protective Order.

10. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential

material, including all copies and reproductions thereof, to counsel for the designating party.

11. Nothing in this Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

12. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

13. Parties to this Protective Order consent to the jurisdiction of this court for the purposes of determining, if any parties believes that there has been a breach of the terms of this Protective Order: (1) whether such breach has occurred, and (2) what, if any, damages have resulted from any such breach.

14. The provisions of this Protective Order shall remain in full force and effect, and each person or entity subject to this Protective Order shall continue to be subject to the jurisdiction of this court for the purposes of this Protective Order, in perpetuity, and the court shall not be divested of jurisdiction of any person or of the subject matter of this Protective Order by the occurrence of the conclusion of this case, or by the filing of a notice of appeal or other pleading that would have the effect of divesting this court of jurisdiction of this matter generally.

**DONE** and **ORDERED** on January 8, 2018.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE